

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 0 2016

TONY R. MOORE, CLERK
BY _____
      DEPUTY

IN THE UNITED STATES DISTRICT COURT

For the

WESTERN DISTRICT OF LOUISIANA

Nafeesa Hurriyah Naylor

Versus

Captain Lucille Walker
Lt. Terry A. Parrish,
Investigator Dewey R. Allen
Investigator Daniel Grisson,
William Scott Hunt
James W., Berry
Michael R. Wilson
James Adcock
Jeff Landry
Lee Harrell
Terry Doughty

3:16CV0817

I. The Parties to this Complaint

   A. The Plaintiff

   Nafeesa Hurriyah Naylor, 315 Blackmon Street, Rayville, LA 71269, (318) 417-5942, no email

   B. The Defendants
      1. Sheriff Lee Harrell, Office of the Richland Parish Sheriff 708 Julia Street, Rayville, LA 71269 (318) 728-2071
      2. Lt. Terry A. Parrish, Investigator, Office of the Richland Parish Sheriff, Louisiana 708 Julia Street, Rayville, LA 71269 (318) 728-2071
      3. Captain Lucille Walker, Office of the Richland Parish Sheriff, Louisiana, 708 Julia Street, Rayville, LA 71269 (318) 728-2071
      4. Dewey R. Allen, Investigator Office of the Richland Parish Sheriff, Louisiana, 708 Julia Street, Rayville, LA 71269 (318) 728-2071
      5. Daniel Grisson, Louisiana State Police Troop F.
      6. William Scott Hunt, Rayville Police Department, 900 Harrison Street, Rayville, LA.
      7. James W. Berry, Judge, Rayville City Court, 1030 Harrison Street, Rayville, LA (318) 728-0457.

8. Judge Terry Doughty, 5th Judicial District Court, 708 Julia Street, Rayville, LA 71269.
9. Michael R. Wilson, Vice-President Guarantee Bank & Trust
10. James Adcock, Vice President, Guarantee Bank & Trust
11. The Honorable Jeff Landry, Attorney General, State of Louisiana, 1885 N. 3rd Street, Baton Rouge, LA 70802 (225) 326-6705

II.  Basis of Jurisdiction

Jurisdiction in this matter is based upon U.S.C. 42:1983 and violation of plaintiff's constitutional right against unlawful search and seizure, denial of due process and equal protection under the law under the United States Constitution.

III.  Statement of the Claim

A.

On October 9, 2012 plaintiff went to the Richland Parish Sheriff Office to report a police abuse claim committed by Officer William Scott Hunt of the Rayville Police Department, in behalf of her daughter. The incident was recorded on plaintiff's cellular telephone. Investigators Walker, Parrish, Allen and Grisson asked to keep plaintiff's phone to retrieve the evidence. Plaintiff agreed to leave the phone with the investigators for the sole purpose of having the evidence traffic stop police brutality download by the Louisiana State Police. When plaintiff did ultimately receive the phone months later the evidence was no longer on the phone.

B.

On June 13, 2013, plaintiff was unlawfully arrested and detained by the Richland Parish Sheriff and illegally charged with (1) Extortion- $50,000.00 bond, (2) Public Intimidation and/or retaliation against and officer - $50,000.00 bond, and (3) Prostitution - $25,000.00 bond. Plaintiff was also held on a probation bond of $150,000.00 for assault on a school teacher to which she had pled on January 5, 2012. Judge Terry Doughty set the bonds which was also a violation of plaintiff's constitutional right against excessive bonds. All parties acting under color of law, violated plaintiff's constitutional rights, and her civil rights under U.S.C.42:1983, in that plaintiff was unlawfully and illegally arrested and detained. And Plaintiff, despite being represented by counsel, was held, without bond until she entered an Alford plea to the charge of Public Intimidation on May 19, 2015 in 5th Judicial District Court, Richland Parish and was not released from jail until June 10, 2015.

C.

The District Attorney for the 5th Judicial District Court recused itself and the case was prosecuted by Mike Ruddick, Assistant Attorney General, which was a malicious prosecution in

that they should have screened this case and had they done so, they would have known that your plaintiff had not committed a crime.

D.

Upon information and belief, the charges stemmed from law enforcement having gone through plaintiff's cell phone which they retrieved and search under the guise of investigating plaintiff's claim of a traffic stop abuse in behalf of her daughter. Their illegal search showed plaintiff's text exchanges between plaintiff and Judge James Berry. Plaintiff and Judge Berry had at the time an ongoing mutual sexual relationship since 1999. According to the June 13, 2013 interview of Judge Berry, there was no complaint by Judge Berry that he had been extorted, intimidated or engaged in prostitution by or with plaintiff.

E.

As a result of the investigators Allen, Parrish, Walker and La. State Police Officer Grisson's inept investigation and unlawful seizure and search of plaintiff's cell phone, as well as the unlawful seizure and search of plaintiff's 2012 chevrolet camaro a new vehicle for which James Berry had made the down payment and signed the note at Guarantee Bank, plaintiff's constitutional right against unlawful search and seizure were violated and, plaintiff was locked away in jail and detained from June 13, 2013 until June 10, 2015. Plaintiff lost her home, vehicle, income and suffered emotional distress.

F.

Judge Berry's failure to speak truthfully about his and plaintiff's 13 year relationship, caused plaintiff to be unlawfully arrested and detained by the Richland Parish Sheriff, knowing that he had advised plaintiff to take the matter to the sheriff after having spoken to plaintiff following the incident with Officer Hunt.

G.

Plaintiff has been denied her constitutional right of Equal Protection and her rights under U.S.C.42:1983 by all parties who acted under the color of law in that she was treated differently than Judge Berry, a Caucasian male, with whom plaintiff, an African American female was engaged in a consensual sexual relation for over 13 years. He provided plaintiff with financial support, personal and legal favors and vehicles for over 13 years.

III.   Relief Sought:

Actual Damages of $75,000.00 and Punitive Damages of $3,000,000.00

WHEREFORE plaintiff, NaFeesa Naylor, prays that this petition be deemed good and sufficient, and that after all due proceedings had and after all legal delays, judgment be rendered

in her favor and against the defendants, severally, jointly and in-solido, and for all other full, general and equitable relief.

IV. Certification and Closing

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

June 10, 2016

*Nafeesa H. Naylor*

Nafeesa H. Naylor, Plaintiff

P.O. Box 98
Rayville, La. 71269
318-417-5942